WALDEN, Chief Judge.
This is an appeal from a summary final decree. Finding genuine issues of material fact and that movants are not entitled to the decree as a matter of law, we reverse.
Plaintiff, Bibletown U.S.A., Inc., brought suit against the defendants, Stetson O. Sproul, as Tax Collector of Palm Beach County, Florida; Edgar W. Maxwell, as Tax Assessor of Palm Beach County, Florida; and Fred O. Dickinson, Jr., as Comptroller of the State of Florida, seeking to invalidate the 1963 assessment of Palm Beach County ad valorem taxes against its real and personal property. Bibletown asserted that it was exempt from taxation because during the year 1963 it was a religious, charitable and educational institution. Section 192.06, F.S.1963, F.S.A.
Defendants’ successful motion for summary decree was based simply upon a record submitted into evidence of a prior suit reported in Boca Raton Bible Conference Grounds, Inc. v. Sproul, Fla.App. 1965, 180 So.2d 212. It dealt with facts and events of 1962, which appear to have been the basis for the decision validating the plaintiff’s 1962 assessment. Plaintiff defended with affidavits showing a number of substantial and material changes in its mode of operation during the year 1963.
Some of these changes that had occurred since the 1962 adjudication were noted in the decree appealed,
“ * * * That plaintiff’s ‘house of worship’ was not ‘rented or hired to anyone for any purpose’; that all of ‘the rents, issues and profits thereof, if any, were used for the said purpose of plaintiff’ ; that plaintiff did not sell admission *781 tickets to its sacred concerts or in any other fashion charge admission to its house of worship; did not operate a beauty parlor and did not rent or hire any portion of its house of worship or any other of its premises for the operation of a beauty parlor; did not sell any annuity or insurance contracts; did not operate a radio station or radio communications or transmission equipment; did not sell bonds to raise money to be used in a land promotion enterprise or to raise money to be used to buy apartment buildings in which to afford housing facilities to winter tourists, and did not entertain winter tourists by promotion of over-seas cruises for a consideration.”
However, these changes and the inferences to be gained from them were deemed unimportant to the issues and the 1962 facts and judgment were used to govern this 1963 proceeding.
The very reasoning and wording of the appealed decision reflect that the evidence and inferences were impermissibly weighed, assessed and evaluated. Disputed issues were resolved in the same manner as if the matter had been submitted upon final hearing. We believe this procedure was premature. See Holl v. Talcott, Fla. 1966, 191 So.2d 40.
To pinpoint at least some of the disputed issues we note that plaintiff, Bibletown, has asserted by affidavits that its house of worship, Sunday School buildings and parking lot were not rented to anyone for any purposes during the year 1963. This was not contested by defendants. Thus, an issue is clearly raised whether this portion of the property at least may qualify for tax exempt status. Section 192.06(4), F. S.1963, F.S.A. We also think to be in issue plaintiff’s exemption for its conference ground facilities. Section 192.06(3), F.S. 1963, F.S.A.
In evaluating the evidence, the appealed order gave particular weight and significance to the plaintiff’s advertising and operational practices. These were emphasized by stating:
“The point is accented by repeating: Because of the nature of its solicitation for patronage it was impossible to determine whether people were in attendance for religious purposes, or as tourists in search of entertainment offered, or as investors.”
However, plaintiff’s sworn affidavits alleged that its 1963 advertising was reasonable, ordinary, necessary and essential to its religious, educational, literary, charitable and benevolent purposes. Other than by a single advertisement dated January 17, 1963, defendants have not shown the nature of plaintiff’s 1963 advertising to have been other than as alleged — reasonable and necessary to its religious, educational literary, charitable and benevolent purposes. Thus, there is an issue as to the extent and effect of the plaintiff’s 1963 advertising.
We indicate no view as to the ultimate outcome of this litigation and it is the intent of this ruling to simply document the factors which preclude summary decree procedure and to hold, based on the record, that the parties are entitled to develop the issues upon final hearing in accordance with law.
Reversed and remanded for proceedings consistent herewith.
Reversed.
OWEN, J., and GONZALEZ, JOSE A., Jr., Associate Judge, concur.